| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321)<br>United States Attorney |
| 2 | |
| 3 | EUMI L. CHOI (WVBN 0722)<br>Chief, Criminal Division |
| 4 | MARK L. KROTOSKI (CSBN 138549)<br>Assistant United States Attorney |
| 5 | |
| 6 | 150 Almaden Boulevard, Suite 900<br>San Jose, California 95113<br>Telephone: (408) 535-5035 |
| 7 | Facsmile:   (408) 535-5066 |
| 8 | Attorneys for Plaintiff |

FILED

JAN 05 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-00734-RMW |
| Plaintiff, | ) ) | STIPULATION REGARDING |
| v. | ) ) | EXCLUDABLE TIME AND [~~PROPOSED~~]<br>ORDER |
| STEPHEN BROWN,<br>   aka blahz, aka sab, | ) ) ) | |
| Defendant. | ) ) | |

It is hereby stipulated and agreed between defendant Stephen Brown, and through his undersigned counsel, and the United States as follows:

On January 5, 2006, ~~three other~~ defendants [Brown was] were arraigned on a six-count indictment, charging as follows: Count One: Conspiracy to Commit Criminal Copyright Infringement, Infringement By Electronic Means, Infringement By Distributing A Commercial Distribution Work, and Use Audiovisual Recording Devices to Make Unauthorized Copies Of Audiovisual Works, in violation of 18 U.S.C. § 371; Counts Two through Six: Criminal Copyright Infringement By Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. § 2319(c)(1) and 18 U.S.C. § 2; and an allegation of Criminal Forfeiture

STIPULATION REGARDING EXCLUDABLE TIME AND [PROPOSED] ORDER
CR 05-00734-RMW

1  and Destruction, in violation of 17 U.S.C. §§ 506(b) and 509(a).

2  On December 15, 2005, three other defendants were arraigned on the same indictment, time
3  was excluded under the Speedy Trial Act, and a status conference was set for ~~February~~ March 6, 2006
4  at 9:00 a.m. before the Honorable Ronald M. Whyte.

5  In this case, the government is providing initial discovery to the defense. A substantial
6  amount of discovery consists of digital evidence. The parties stipulate and move the Court to
7  exclude time under the Speedy Trial Act from the date of the arraignment, January 5, 2006, until
8  the next status conference on February 13, 2006, because the parties believe that the ends of
9  justice served by the granting of such a continuance outweigh the best interests of the public and
10 the defendant in a speedy trial, particularly since reasonable time is needed for the defense to
11 prepare for pretrial and trial matters, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii).
12 Additionally, the defendant is joined in the case with others who previously appeared in this case
13 and no severance has been made, pursuant to 18 U.S.C. § 3161(h)(7).

14 // // //
15 // // //

1  The parties further stipulate that time may be excluded for reasonable time for defense
2  preparation, since the failure to exclude time would deny counsel for the defendant reasonable
3  time necessary for effective preparation, taking into account the exercise of due diligence,
4  pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).
5     So stipulated..
6  Dated: January 5, 2006

                              KEVIN V. RYAN
                              United States Attorney

                              MARK L. KROTOSKI
                              Assistant United States Attorney

   So stipulated.
Dated: January 5, 2006

                              ALAN SCHWARTZ
                              Attorney for Defendant Brown

## ORDER

Based upon the foregoing Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the time between January 5, 2006 and ~~February 13~~ March 6, 2006 shall be excluded from the computation period within which the trial must commence, for the reasons and based upon the statutory provisions set forth by the parties in this Stipulation, including that time is needed for effective defense preparation. The Court finds that the ends of justice outweigh the interests of the public and the parties in a speedier trial based upon the grounds set forth above.

DATED: January 5, 2006

*/s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge